UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

       Plaintiff,       Case No. 2:26-CV-12395

v.             Honorable Susan K. DeClercq
              United States District Judge
HILL, et. al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF PERMISSION TO PROCEED *IN FORMA PAUPERIS* OR TO FILE A CIVIL RIGHTS COMPLAINT, DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1), AND DENYING PLAINTIFF'S MOTION FOR AN INJUNCTION OR RESTRAINING ORDER (ECF No. 3)**

Darren Johnson ("Plaintiff"), a state inmate confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, Plaintiff is denied permission to proceed *in forma pauperis* or to file a civil rights complaint. The case is dismissed with prejudice.

Approximately four years ago, United States District Chief Judge Stephen J. Murphy, III described Johnson as "a prolific filer in Michigan's Federal Courts." *Johnson v. Schultz*, No. 2:22-CV-11056, 2022 WL 1569281, at *1 (E.D. Mich. May 18, 2022). Johnson had numerous cases that had been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. Because

of these prior dismissals, Johnson was subsequently denied permission to proceed without prepayment of fees and costs under the three strikes rule found in 28 U.S.C. § 1915(g). *Id.* Because of Johnson's lengthy and abusive litigation history of filing "scores of unmeritorious complaints," *Id.,* at \*2, Chief Judge Murphy enjoined Johnson from filing any new action without first obtaining leave of the Court. *Id.*

The Sixth Circuit has ruled that a district court may enjoin vexatious litigants from filing new cases without obtaining advance leave from the Court. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). The purpose of this rule is to prevent prolific litigators from draining the Court's resources while at the same time allowing them meaningful access to the courts for potentially meritorious claims. *Id.*

This Court will deny Johnson permission to proceed *in forma* pauperis or to file the current civil rights complaint because he has been enjoined by another judge in this district from filing lawsuits as a "vexatious litigant." Other judges have relied on that order to deny Plaintiff permission to proceed *in forma pauperis* or to file a new case. *In re Johnson*, No. 22-MC-51484, 2023 WL 158889 (E.D. Mich. Jan. 11, 2023) (Parker, J.); *Johnson v. Elum*, No. 2:23-CV-10093, 2023 WL 1113124 (E.D. Mich. Jan. 30, 2023) (Hood, J.); *Johnson v. Madery*, No. 3:22-CV-11304, 2022 WL 17405820 (E.D. Mich. Dec. 2, 2022) (Cleland, J.).

Indeed, Johnson's "history of unsubstantiated and vexatious litigation amounts to continued abuse of his *in forma pauperis* status." *See Edwards v. Johns,*

- 2 -

450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) (internal quotation omitted). Thus, this Court declines to grant Johnson permission to proceed *in forma pauperis* or to file this complaint because he has failed to show that his allegations have any merit and that they are not a repetition of his prior complaints. *Id.,* at 757. Indeed, Johnson's allegations in the current complaint that the defendants refused to provide him thyroid medication, which lead to him suffering chest pains and possibly a heart attack, is a common theme in Plaintiff's prior lawsuits. *In re Johnson*, 2023 WL 158889, at *1. Moreover, "Courts have held that self-diagnosed conditions, without supporting medical evidence, are insufficient to show imminent danger" so as to come within the imminent danger exception under the three strikes rule. *Id.*

Accordingly, it is **ORDERED** that Plaintiff is **DENIED** permission to proceed *in forma pauperis* or to file a civil rights complaint.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's motion for a permanent injunction or a permanent restraining order, ECF No. 3, is **DENIED AS MOOT**.

**This final order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 21, 2026

- 3 -