UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

Plaintiff,

v.

HILL, et al.,

Defendants.
_______________________________________/

Case No. 2:26-cv-12395

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING PLAINTIFF'S OBJECTION (ECF No. 8)**

On July 14, 2026, Plaintiff Darren Johnson filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1; 2. This Court denied Johnson's IFP application and *sua sponte* dismissed his complaint, based on Chief Judge Murphy's order enjoining Johnson from filing any new action without first obtaining leave of court due to his lengthy and abusive litigation history. ECF No. 6 at PageID.150; *see also Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *1–*2 (E.D. Mich. May 18, 2022). On August 4, 2026, Johnson filed an "objection" to this Court's order, ECF No. 8, which this Court will construe as a motion for reconsideration and deny.

A party may not file an "objection" to a final order. Rather, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich. LR 7.1(h)(1). Accordingly, the Court

will construe Johnson's objection as a motion for reconsideration. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). ("pro se document[s are] to be liberally construed.").

Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days of entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (citation omitted). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee County*, 402 F. App'x 107, 108 (6th Cir. 2010).

Similarly, under Civil Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In this Circuit, Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment and order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2022).

Judicial mistakes need not be "obvious," and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Under either standard, Johnson is not entitled to reconsideration. Having considered his arguments, this Court finds no clear error of law in the July 14, 2026, order, nor is there any newly discovered evidence or an intervening change in the controlling law. *See Moore*, 402 F. App'x at 108. Additionally, none of Johnson's arguments demonstrate an excusable mistake on his part or a substantive mistake of law or fact by this Court. *See* FED. R. CIV. P. 60(b). Finally, Johnson has not demonstrated that reconsideration is necessary to prevent manifest injustice. *See* FED. R. CIV. P. 59(e).

In sum, Johnson has not shown that he is entitled to reconsideration, so his motion, ECF No. 8, will be denied, and this Court's July 14, 2026, opinion and order will not be altered.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 8, is **OVERRULED**, and to the extent it seeks reconsideration, that motion is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 29, 2026